GERALD W. FORD, Doing Business under the Name of G. W. FORD YACHT AGENCY, Appellant, v. HIRAM E. MANVILLE, Respondent.

*Per Curiam.* The plaintiff's proof wholly failed to establish that he was the procuring cause of the sale of defendant's yacht. His employment was not exclusive and it appears without substantial contradiction that others, acting for the defendant, actually interested the purchaser and conducted all the negotiations which resulted in the sale. The plaintiff was a complete stranger to these negotiations and had no part in ultimately bringing about the sale. The court should have directed a verdict for the defendant. We are not unmindful of the criticism of the remarks of the Trial Judge and the alleged errors in the charge. We consider, however, that since there was no substantial evidence in support of plaintiff's claim, these matters should be disregarded and the judgment affirmed, with costs.

Present — Martin, P. J., Townley, Dore, Cohn and Callahan, JJ.

Judgment unanimously affirmed, with costs.

DAWN HEFLER, Respondent, v. HARRY HEFLER, Appellant.

*Per Curiam.* In affirming this order for temporary alimony and for counsel fees, made in an action by the wife against the husband to annul the marriage on the ground of fraud based on his alleged concealment of an intention not to consummate the marriage, we confine our ruling to the facts here presented. We do not pass on the question as to plaintiff's right to permanent alimony under the new statutes (Civ. Prac. Act, §§ 1140-a, 1169), nor indicate that the statutes are to be construed to warrant payment of temporary or permanent alimony in every case of annulment.

The order appealed from should be affirmed, with twenty dollars costs and disbursements.

Present — Martin, P. J., Townley, Dore, Cohn and Callahan, JJ.

Order unanimously affirmed, with twenty dollars costs and disbursements.